IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOWELL QUINCY GREEN,<br>TDCJ No. 518622, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-2768-G-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Lowell Quincy Green, a Texas prisoner sentenced to life in prison as a habitual offender, initiated this *pro se* action through a confusing filing that has been construed as seeking habeas relief under 28 U.S.C. § 2254. *See* Dkt. No. 2. Green's case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

Green's initial Texas conviction, for unauthorized use of a motor vehicle, was in Dallas County, but he also has four (more recent) convictions (one for possession of cocaine and three for aggravated robbery) from McLennan County, within the Waco Division of the Western District of Texas. *See* 28 U.S.C. § 124(d)(2).

As to his Dallas County conviction, another judge of this Court has explained Green's criminal history, beginning with "his 1989 conviction for unauthorized use of a motor vehicle, enhanced. *State of Texas v. Lowell Quincy Green*, No. F89-97008 (283rd Dist. Ct., Dallas County, Tex., Aug. 10, 1989)," pursuant to which he "was

sentenced to thirty years in prison."

> On June 11, 1990, the Fifth District Court of Appeals affirmed Petitioner's conviction, *Green v. State*, No. 05-89-01170-CR (Tex. App. – Dallas 1990, pet. ref'd); and, on December 12, 1990, the Court of Criminal Appeals refused his petition for discretionary review, PDR No. 0952-90.
> On March 24, 2012, while he was on parole, Petitioner was arrested for aggravated robbery. On May 15, 2013, he was convicted and sentenced to life in prison for as a habitual offender.
> On February 7, 2018, Petitioner filed a state habeas petition, *Ex parte Green*, No. 82,981-07, which the Court of Criminal Appeals dismissed without written order on April 25, 2018.
> On May 29, 2018, Petitioner filed [a] § 2254 petition [challenging the Dallas County conviction, arguing that] (1) the indictment was defective; and (2) he was denied a parole revocation hearing in violation of his Fourteenth Amendment rights. …

*Green v. Davis*, No. 3:18-cv-145-M-BT, 2019 WL 487675, at *1 (N.D. Tex. Jan. 17, 2019), *rec. accepted*, 2019 WL 486169 (N.D. Tex. Feb. 7, 2019) (dismissing claims as procedurally and time barred).

If Green is again challenging his Dallas County conviction, his claims are successive.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gatekeeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> …
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas

> petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

To the extent that Green's current claims attack his underlying Dallas County conviction, these claims allege defects in that conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Green when he filed an initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222.[1] Green is therefore currently attempting to present claims that are successive. And his failure to obtain authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives this Court of jurisdiction to consider these claims. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district

---

[1] *See also In re Will*, ___ F.3d ____, Nos. 17-20604 & 17-70022, 2020 WL 4500074, at *2 (5th Cir. Aug. 5, 2020) (per curiam) ("So even though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citing *Blackman v. Davis*, 909 F.3d 772, 778-79, 778 n.2 (5th Cir.), *as revised* (Dec. 26, 2018))); *Leal Garcia*, 573 F.3d at 221 ("Leal's view of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998),] would permit petitioners filing later habeas petitions to assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. Again, AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive.").

court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, given the circumstances of this action, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

Further, if Green raises Section 2254 claims related to his McLennan County convictions, because, at the time he filed this action, he was incarcerated at the TDCJ Polunsky Unit, a prison in Polk County, within the Lufkin Division of the Eastern District of Texas, *see* 28 U.S.C. § 124(c)(6), this Court lacks jurisdiction over habeas claims related to convictions in McLennan County.

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994).

These filing requirements are jurisdictional. *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966).

The district court wherein such an application is filed may, in the exercise of its discretion and in furtherance of justice, transfer the case to another district court for hearing and determination. *See* 28 U.S.C. § 2241(d); *see also Carmona*, 375 F.3d at 539 (affirming dismissal of Section 2254 application for lack of jurisdiction but remanding with instructions to transfer the matter to either the district of conviction or the district of incarceration if petitioner elects to pursue his claim in either forum); 28 U.S.C. § 1631.

But, considering Green's nonsensical construed habeas application, it would not further justice to sever any attack he has made on his McLennan County convictions and transfer those claims to the Waco Division of the Western District of Texas. Green may refile those claims if he so elects, to the extent that the claims are neither successive nor procedurally or time barred.

In sum, the Court should dismiss this case for lack of jurisdiction.

**Recommendation**

The Court should dismiss Petitioner Lowell Quincy Green's construed *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 4, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE